■ In the Matter of the Estate of JOSEPH BAZARNICKI, Deceased. THEODORE F. BEER, as Administrator C.T.A. of the Estate of JOSEPH BAZARNICKI, Deceased, et al., Respondents; PETRO BAZARNICKI et al., Appellants.— Appeal from a decree of the Surrogate's Court of Montgomery County, entered February 16, 1972, which, in a proceeding pursuant to SCPA 2103, determined that certain bank deposits were the property of the respondent, Zenovia Ruckey, and did not constitute assets of the estate of Joseph Bazarnicki. Joseph and Anna Bazarnicki were husband and wife and resided together in Amsterdam, New York. Their only relatives in this country were Anna Ruckey, Joseph's sister, and her daughter, Zenovia Ruckey, respondent herein, who also lived in Amsterdam. In 1966, Joseph was 82 years old and blind, and his wife Anna was 74 years old. For a number of years, respondent assisted them by making their bank deposits and withdrawals, cashing their Social Security checks, and obtaining their groceries, visiting them two or three times a week for these purposes. On September 23, 1966, Joseph and Anna were suffering from pneumonia and respondent arranged for them to be hospitalized at St. Mary's Hospital in Amsterdam. While the ambulance was waiting, Mrs. Bazarnicki handed respondent a box containing their personal papers, marriage license, three bank books and life insurance policies, stating that she was to take the box, keep it and take care of Joseph. Mrs. Bazarnicki also executed a power of attorney running to respondent, dated September 23, 1966, for the purpose of making withdrawals from their joint account in the Amsterdam Savings Bank. On September 24, 1966, Anna Bazarnicki died. Joseph remained in the hospital until October 10, 1966 when he was transferred to a nursing home in Amsterdam. On October 14, 1966, Joseph died. Joseph and Anna Bazarnicki had three joint savings accounts, one in the amount of $2,874.32 at the Montgomery County Trust Company, another in the amount of $10,255.24 at the Amsterdam Savings Bank, and the third in the amount of $4,268.29 at the National Commercial Bank and Trust Company. Upon Anna's death on September 24, 1966, Joseph becam. the sole owner of the three accounts. On September 29, 1966, respondent went to Joseph's hospital room with three withdrawal orders representing the balance in the bank books payable to her individually. Joseph signed the withdrawal orders with an " X " as his mark which was witnessed by two nurses at the hospital. Vincent Jendrzejczak, the funeral director, was also present to act as an interpreter since Joseph spoke only in Ukranian and the two nurses only in English. After the withdrawal orders were signed, they were presented to the respective banks and the accounts were closed. The proceeds were then placed in bank accounts in the same banks in the name of respondent. Thereafter, she paid the hospital bills, nursing home bill, funeral bills and purchased a monument for the graves of Joseph and Anna Bazarnicki, paying the same with funds from the bank accounts which were then in her name. After the death of Joseph Bazarnicki, his last will and testament, dated February 25, 1961, was discovered in which he named Petro Bazarnicki, Yaroslaw Szewcuk and Petro Szewcuk, residents of the Soviet Union, as beneficiaries. The will was presented for probate and this proceeding resulted. Anna Bazarnicki also had an insurance policy in the amount of $1,000 naming her husband, Joseph, as bene-

ficiary. The check representing the proceeds of this policy was also indorsed with an "X" and witnessed and turned over to respondent who deposited it in one of the accounts in her name. There is no testimony in the record concerning this transaction or the purpose of turning over this check to her, other than that it occurred. Joseph Bazarnicki also had a similar insurance policy. After Anna's death, he changed the beneficiary to respondent. The Surrogate determined "that the decedent executed a joint bank account with the right of survivorship with his niece in the presence of a nurse, a nun and an interpreter. * * * The presumption of the banking law regarding joint bank accounts and the right of survivorship is in this matter conclusive." The Surrogate made reference to subdivision 3 of section 239 of the Banking Law which was repealed effective June 1, 1965. The subject matter of that section is, however, covered by subdivision (b) of section 675 of the Banking Law effective June 1, 1965. Nothing in this record evidences an intent that joint bank accounts were intended, and the record establishes that joint bank accounts were never established. Under these circumstances, the decree of the Surrogate must be reversed. The Surrogate never dealt with the question of whether or not there was a gift of the funds in the bank accounts and the proceeds of the life insurance policy insuring Anna Bazarnicki. Considering the record and the Surrogate's decision, it appears that respondent's counsel and the Surrogate proceeded on the basis of the presumption under subdivision (b) of section 675 of the Banking Law, formerly subdivision 3 of section 239 of the Banking Law, rather than on the question of whether or not a gift was made. This tends to explain the absence of any testimony from the witnesses to the mark on the withdrawal orders and as to the facts concerning the indorsement of the check. Upon a full development of the facts from all witnesses, the issue of whether or not a gift was made may become clear. The decree of the Surrogate should, therefore, be reversed and the matter remitted for a further hearing on the issue of whether Joseph Bazarnicki intended to make a gift of the funds in these bank accounts to his niece, Zenovia Ruckey. Decree reversed, on the law and the facts, and matter remitted to the Surrogate's Court, Montgomery County, for further hearings not inconsistent herewith, with costs to appellants payable out of the estate. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.